IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA
AT MINNEAPOLIS

| | | |
|---|---|---|
| NEW HONG KONG BUFFET, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-1547 (JRT/FLN) |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I. Standard of Review

A. Motion for Summary Judgment & FOIA Requests

Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©; see also e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party meets the initial burden of proof, the nonmoving party is required to go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party and allow the nonmoving party all reasonable inferences to be drawn from the evidence. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

In reviewing FOIA requests, the court "is to make a de novo determination of whether records were properly withheld under any of FOIA exemption provisions."[1] Davis v. C.I.A., 711 F.2d 858, 861 (8th Cir. 1983), cert. denied, 465 U.S. 1035 (1984). The burden of proof is on the agency to justify the nondisclosure. Id. at 860; 5 U.S.C. § 552(a)(4)(B). The court may award summary judgment based on the affidavits submitted by the agency if the affidavits are relatively detailed, nonconclusory, and submitted in good faith. Davis, 711 F.2d at 860. Such affidavits need not be sworn or notarized. 28 U.S.C. § 1746; see Summers v. United States Dep't of Justice, 999 F.2d 570, 572-73 (D.C. Cir. 1993).

---

[1] Plaintiff also seeks relief under the Privacy Act (5 U.S.C. § 552a). But plaintiff cannot maintain a suit under the Privacy Act for two reasons. First, the Privacy Act protects the privacy rights of individuals, not entities. Plaintiff is a corporation, and thus, not protected by the Privacy Act. See St. Michaels Convalescent Hosp. V. California, 643 F.2d 1369, 1373 (9th Cir. 1981). Second, a taxpayer cannot maintain an action under the Privacy Act for access to tax return information. See Lake v. Rubin, 162 F.3d 113, 116 (D.C. Cir. 1998). "Individuals seeking 'return information' must do so pursuant to § 6103 of the Internal Revenue Code, rather than the Privacy Act." Id. In this case, plaintiff requested "disclosure of information contained in administrative and investigative files pertaining to [his] 2001 through 2004 income taxes." (Compl. ¶ 4.) This is tax return information, which is defined as "data . . . received by, recorded by, prepared by, furnished to, or collected by the [IRS] with respect to a return or with respect to the determination of the existence, or possible existence, of liability . . . of any person under [Title 26]." 26 U.S.C. § 6103. Thus, plaintiff has no right of action under the Privacy Act. Accordingly, since plaintiff's only cause of action is under the FOIA, plaintiff must comply with all the FOIA requirements, including the requirement to exhaust its administrative remedies. As discussed here, plaintiff failed to exhaust its administrative remedies under the FOIA; therefore, its complaint should be dismissed.

B. Exhaustion of Remedies[2]

A plaintiff is generally required to exhaust its administrative remedies "before seeking judicial review so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." Oglesby v. Dep't of the Army, 920 F.2d 57, 61 (D.C. Cir. 1990) (quoted in Flowers v. IRS, 307 F.Supp.2d 60, 66 (D.D.C. 2004)); Brumley v. Dep't of Labor, 767 F.2d 444, 445 (8th Cir. 1985); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "In the FOIA context, the exhaustion requirement is a prudential consideration, not a judicial prerequisite, and therefore a plaintiff's failure to exhaust does not deprive the court of subject-matter jurisdiction." Flowers, 307 F.Supp.2d at 60 (quoting Wilbur v. Cent. Intelligence Agency, 355 F.2d 675, 677 (D.C. Cir. 2004). "Nonetheless, as a jurisprudential doctrine, failure to exhaust precludes judicial review if [1] the purposes of exhaustion and [2] the particular administrative scheme support such a bar." Hildalgo v. Fed. Bur. of Investigation, 344 F.3d 1256, (D.C. Cir. 2003) (citing Oglesby, 920 F.2d at 61). The FOIA's administrative scheme favors treating a failure to exhaust as a bar to judicial review. Id. The FOIA expressly requires that an agency (1) determine within 20 days whether to comply with a FOIA request, and immediately notify the requester of this determination; and (2) determine with respect to any appeal within 20 days after receiving the appeal. Id.

---

[2] Various courts treat failure to exhaust administrative remedies in different ways. Some hold it is a jurisdictional prerequisite; others hold exhaustion is a prudential consideration; still others hold that failure to exhaust constitutes failure to state a claim. Regardless of the grounds for dismissal, most FOIA cases are dismissed where plaintiff fails to exhaust administrative remedies.

(citing 5 U.S.C. § 552(a)(6)(A)(I), (ii). Such a scheme "requires each requester to exhaust administrative remedies."[3] Id.

With respect to the purpose factor, courts look to see whether barring judicial review would

> prevent [] premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

Flowers, 307 F.Supp.2d at 66 (internal quotations omitted) (quoting Weinberger v. Salfi, 422 U.S. 749, 765 (1975)).

In this case, plaintiff did not file an appeal from the IRS's February 16, 2006 letter denying disclosure of documents, but instead filed suit. This failure to appeal the denial is a failure to exhaust administrative remedies. Therefore, this Court should decline to review plaintiff's complaint and grant defendant's motion for summary judgment.

---

[3] If an agency fails to answer a FOIA request within 20 days, the requester is deemed to have constructively exhausted administrative remedies. See Flowers 307 F.Supp.2d at 66-67 (citing Judicial Watch, Inc. v. Rossetti, 326 F.3d 1309, 1310 (D.C. Cir. 2003)). But if the agency responds to the request after the 20-day period but before the requester files suit, the administrative exhaustion requirement will apply. Id. at 67.

## CONCLUSION

Plaintiff failed to exhaust administrative remedies because it failed to file an appeal to the IRS's February 16, 2006 letter denying disclosure, in whole or in part, of responsive documents. Therefore, this Court should grant defendant's motion for summary judgment and dismiss plaintiff's complaint.

Dated: June 26, 2006.

Respectfully submitted,

/s/ Pat S. Genis

PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone/Fax: (202) 307-6390/514-6866
Email: pat.genis@usdoj.gov

**CERTIFICATE OF SERVICE**

IT IS CERTIFIED that on June 26, 2006, this MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT was served in accordance with the Court 's ECF procedures, and also a copy was placed in the United States mail, postage prepaid, and properly addressed as follows:

Thomas E. Brever, Esquire
Foster & Brever, PLLC
2855 Anthony Lane S - Ste 200
St. Anthony, MN 55418

/s/ Pat Genis
PAT S. GENIS